UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 KERN, CARLTON, and YOB
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 MATTHEW A. ERMINGER
 United States Army, Appellant

 ARMY 20110113

 Headquarters, 2nd Infantry Division
 Thomas M. Kulish, Military Judge
 Colonel Jeffery D. Pedersen, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA; Captain Jennifer
A. Parker, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 29 July 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a special court-martial found appellant,
pursuant to his pleas, guilty of conspiracy to commit robbery, violating a
lawful general order, fleeing and resisting apprehension, robbery, and
assault with a means likely to produce death or grievous bodily harm in
violation of Articles 81, 92, 95, 122, and 128, Uniform Code of Military
Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 892, 895, 922, and 928. The
military judge sentenced the accused to a bad-conduct discharge,
confinement for five months, and reduction to the grade of E1. Pursuant to
a pretrial agreement, the convening authority approved only so much of the
sentence extending to a bad-conduct discharge, confinement for three
months, and reduction to the grade of E1. Appellant has submitted his case
for our Article 66, UCMJ review without assignment of error.

 Prior to the convening authority’s action in this case, defense
counsel for appellant submitted post-trial matters pursuant to Rules for
Court-Martial [hereinafter R.C.M.] 1105 and 1106. In this submission,
defense counsel requested the convening authority disapprove the military
judge’s findings in the court-martial, but approve the adjudged bad conduct
discharge.[1] This could never be granted and amounts to a nonsensical
request, as there is no possibility for a convening authority to approve a
punitive discharge after setting aside all findings. Defense offered only
extenuation and mitigation argument to support its request and did not
raise any legal error associated with the military judge’s findings or
sentence.

 The Staff Judge Advocate’s addendum in this case adhered to the prior
Staff Judge Advocate recommendation that the convening authority approve
the sentence in accordance with the pre-trial agreement, limiting
punishment to reduction to Private E1, confinement for three months, and a
bad conduct discharge. The Staff Judge Advocate’s addendum failed to
comment on the irregularity of the defense submission or impossibility of
the convening authority granting the request.[2] The convening authority
followed the Staff Judge Advocate’s recommendation, which also included
crediting appellant with four days confinement credit against the sentence
to confinement.

 Our superior court has noted an accussed’s best chance for clemency
rests with the convening authority. See United States v. Wheelus, 49 M.J.
283, 187 (C.A.A.F. 1997); United States v. MacCulloch, 40 M.J. 236, 239
(C.M.A. 1994). In addition, “the convening authority’s obligation to
consider defense submissions is uniquely critical to an accused.” United
States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F. 1997). We find the defect in
defense counsel’s post-trial submission and failure of the staff judge
advocate to comment on the inherently contradictory nature of the requested
relief and, if necessary, serve this comment on defense counsel, to have
prejudiced the appellant by preventing him from receiving meaningful
consideration of his clemency request by the convening authority.

 DECISION

 The convening authority’s initial action, dated 1 April 2011, is set
aside. The record of trial is returned to The Judge Advocate General for a
new staff judge advocate recommendation and a new action by the same or
different convening authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] In the appellant’s R.C.M. 1105/1106 submission, defense counsel made
this request twice, noting in paragraph 4 of the submission: “The Defense
requests that you disapprove the finding of guilty for all charges and
specifications, but approve the bad conduct discharge,” restating this in
paragraph 5 as: “For the above reasons, the Defense requests that you
disapprove the verdict of guilty but approve the Bad Conduct Discharge
portion of Private Erminger’s sentence.”

[2] Paragraph 2 of the Staff Judge Advocate Addendum stated: “Through his
defense counsel PV2 Erminger requests that you disapprove the verdict of
guilty for all charges and specifications but approve the Bad Conduct
Discharge portion of the sentence.”